# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**YOSVANY JESUS CASTRO,**

      **Petitioner,**                                  **Case No.  6:07-cv-324-Orl-22KRS**
                                                          **(6:03-cr-198-Orl-22KRS)**

**-vs-**

**UNITED STATES OF AMERICA,**

      **Respondent.**

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255, filed by Yosvany Castro (Doc. 1).  The Government filed a response (Doc. 7) to the motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*.  Petitioner filed a reply (Doc. 11) to the Government's response, as well as a supplement to the motion (Doc. 12).

Petitioner alleges four claims for relief in his motion: (1) there was no federal jurisdiction to charge him with robberies that had no impact on interstate commerce; (2) certain sentencing enhancements were unconstitutionally based on facts not found by the jury; (3) the United States Supreme Court's decision in *Cunningham v. California*, 127 S. Ct. 856 (2007), renders the sentence enhancements applied to his case unconstitutional; and (4) his attorney was ineffective for failing to raise and properly preserve for direct appeal the issues raised in claims two and three of the instant motion.

## I.      Procedural History

Petitioner and one other individual were charged in a six-count indictment with three counts of robbery affecting interstate commerce (counts one, three, and five) and three counts of carrying a firearm during and in relation to each of the charged robberies (counts two, four, and six) (Criminal Case No. 6:03-cr-198-Orl-22KRS, Doc. 24, filed November 5, 2003).[1] After a three-day jury trial, Petitioner was found guilty of all six charges contained in the indictment. *See* Criminal Case Doc. 86. A sentencing hearing was conducted, and Petitioner was sentenced to three concurrent terms of 110 months imprisonment on counts one, three, and five, followed by three consecutive terms of seven, twenty-five, and twenty-five years on counts two, four, and six, respectively. (Criminal Case Doc. 114). Petitioner filed a notice of appeal, and the Eleventh Circuit issued an unpublished opinion affirming Petitioner's convictions and sentences. *See* Criminal Case Doc. 145. The United States Supreme Court granted a writ of certiorari, vacated Petitioner's sentences and remanded to the Eleventh Circuit for further consideration in light of *U.S. v. Booker*, 543 U.S. 220 (2005). *Castro v. U.S.*, 544 U.S. 1013 (2005). On remand, the Eleventh Circuit reaffirmed Petitioner's sentences. (Criminal Case Doc. 156). The United States Supreme Court denied Petitioner's subsequent petition for writ of certiorari on January 9, 2006. *Castro v. U.S.*, 546 U.S. 1129 (2006).

On February 5, 2007, Petitioner filed a motion for leave to file an untimely section 2255 motion (Criminal Case Doc. 157). The Government responded in opposition to the motion (Criminal Case Doc. 159). On March 1, 2007,[2] before the Court had ruled on the motion, Petitioner filed his

---

[1] Criminal Case No. 6:03-cr-198-Orl-22KRS will be referred to as "Criminal Case."

[2] Under the mailbox rule, a prisoner's pro se section 2255 motion is deemed filed on the date it is delivered to prison authorities. *Washington v. U.S.*, 243 F.3d 1299, 1301 (11th Cir. 2001). The

section 2255 motion (Criminal Case Doc. 160).  Ultimately, the Court denied Petitioner's earlier motion as moot, indicating that the timeliness issue would be decided in conjunction with the substantive section 2255 claims.  (Criminal Case Doc. 161).

## II.      Timeliness

Pursuant to 28 U.S.C. § 2255(f), a one-year period of limitation applies to motions to vacate, set aside, or correct a sentence.  With a few exceptions, none of which apply here, the period of limitation begins to run on "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  According to the Eleventh Circuit Court of Appeals, "a 'judgment of conviction becomes final' within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the judgment becomes 'final' on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes 'final' on the date on which the defendant's time for filing such a petition expires."  *Kaufmann v. U.S.*, 282 F.3d 1336, 1339-40 (11th Cir. 2002).  In the instant case, the United States Supreme Court denied certiorari, and Petitioner's judgment became final, on January 9, 2006.  Therefore, Petitioner's section 2255 motion was due to be filed by January 9, 2007.  Petitioner did not file his motion until March 1, 2007, rendering it untimely.  Petitioner does not dispute that his motion was untimely, but rather requests that this Court apply equitable tolling principles to render the motion timely.

When considering an untimely petition for habeas relief, the Eleventh Circuit Court of Appeals has  recognized the applicability of equitable tolling; however, such tolling is only "appropriate when a movant untimely files because of extraordinary circumstances that are both

Court assumes in this instance that Petitioner delivered the motion to prison authorities on the day he signed it, as neither party has argued otherwise.

beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Moreover, Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon v. United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *vacated on other grounds*, 163 F.3d 530 (9th Cir. 1998).

Petitioner sets forth two reasons for why this Court should apply equitable tolling principles to allow his untimely section 2255 motion. First, Petitioner maintains that, until recently, he was under the mistaken belief that he had until February 24, 2007, to file his motion. This mistaken belief apparently arose from a letter from the United States Public Defender, dated February 24, 2006, informing him that the United States Supreme Court had denied his petition for writ of certiorari. Second, Petitioner claims that the prison was on lockdown from October 10, 2006, to November 13, 2006, and, as such, he had no access to the law library, typewriters or commissary during that time. Petitioner claims that the lockdown obstructed his right to pursue section 2255 relief by depriving him of the full year to which he is statutorily entitled in order to prepare the motion.

As to Petitioner's first ground, he has failed to show that his mistake as to the filing deadline was unavoidable or beyond his control. Indeed, the Federal Public Defender, in his letter advising Petitioner that the United States Supreme Court had denied his petition for writ of certiorari, attached a copy of the Supreme Court's decision dated January 9, 2006. *See* Criminal Case Doc. 157 at 4. Had Petitioner exercised due diligence in this instance, he would have noted the date on the Supreme Court decision and correctly ascertained the filing deadline. Therefore, Petitioner's mistake as to the

date on which the limitations period was to expire does not warrant the extraordinary relief of equitable tolling.

As to Petitioner's second ground, the Court finds that he has failed to show that the thirty-five day lockdown at the prison constitutes "extraordinary circumstances" which would warrant equitable tolling of the filing deadline. The Eleventh Circuit requires section 2255 petitioners alleging an inability to access materials for preparation of a motion during a prison lockdown to show that the lockdown caused "actual harm," i.e., "unconstitutionally prevented him from exercising that fundamental right of access to the courts in order to attack his sentence." *Akins v. U.S.*, 204 F.3d 1086, 1090 (11th Cir. 2000). If a petitioner can show actual harm, he or she must then prove that the lockdown was not "reasonably related to legitimate penological interests." *Id*.

As the Government notes, Petitioner had several months prior to the lockdown to use the library, typewriters and commissary to draft and file his section 2255 motion. Further, Petitioner had almost two months after the lockdown was lifted in order to prepare his motion. Being denied access to materials for a mere thirty-five days during the course of an entire year does not constitute an "extraordinary circumstance" which would warrant the relief Petitioner requests. Even if the Court were to assume, as Petitioner posits, that he was not able to buy stamps for the two months following the lockdown because he had not earned enough money, Petitioner offers the Court no further basis to presume that he could not have prepared and mailed a sufficient section 2255 motion in the almost nine months prior to October 10, 2006, the first day of the prison lockdown.

Furthermore, even if Petitioner was actually harmed by the lockdown, Petitioner has failed to show that the lockdown was not reasonably related to legitimate penological interests. The record shows that the lockdown was a result of "security concerns." *See* Criminal Case Doc. 157 at 3.

Petitioner admits that at least fourteen days of the lockdown were legitimately imposed to complete a security investigation.  (Criminal Case Doc. 162 at 3).  However, Petitioner further alleges that the prison was locked down for an additional twenty-one days for illegitimate financial reasons, i.e., to allow guards to "catch up on vacation time" or "undertake training."  *Id.*  Such conclusory allegations are not supported by any evidence in the record.  Moreover, the Eleventh Circuit has instructed that it is not the Court's duty to "engage in a search for the existence of less restrictive alternatives to lockdown" as the Court must "give[] great deference to prison officials."  *Akins*, 204 F.3d at 1090.  Therefore, the Court finds that Petitioner has failed to show that the prison lockdown from October 10, 2006, to November 13, 2006, was not reasonably related to legitimate prison security concerns.

In sum, the Court finds that Petitioner's section 2255 motion is untimely, and that Petitioner has failed to demonstrate adequate grounds for equitably tolling the original filing deadline of January 9, 2007.  Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Yosvany Castro (Doc. 1) is **DENIED**.

2.      This case is **DISMISSED** with prejudice.

3.      The Clerk of Court shall enter judgment accordingly and is directed to close this case.  A copy of this Order and the judgment shall also be filed in criminal case number 6:03-cr-198-Orl-22KRS.

4.      The Clerk of Court is directed to terminate the § 2255 motion (Criminal Case Doc. 160) filed in the criminal case number 6:03-cr-198-Orl-22KRS.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 14, 2008.

Copies furnished to:

Counsel of Record
Pro Se Party

ANNE C. CONWAY
United States District Judge